DONE AND ORDERED.

**ONE 1984 NISSAN 300 ZX, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

**Christopher Martin Toliver, Claimant.**

**No. 1:87–CV–2552–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

April 19, 1988.

See also 711 F.Supp. 1570.

William M. Warner, Atlanta, Ga., for claimant.

Nina Hickson Perry, Asst. U.S. Atty., Atlanta, Ga., for defendant.

ORDER

FORRESTER, District Judge.

This matter is before the court on petitioner Christopher Martin Toliver's motion for return of seized property. Fed.R.Crim. P. 41(e), and request for entry of default. Fed.R.Civ.P. 55. No formal complaint has been filed in this action. Similarly, as evidenced by petitioner's request for entry of default, the government has filed no responsive pleadings.

STATEMENT OF FACTS

Petitioner makes the following assertions. The above-referenced automobile was seized from petitioner on December 1, 1986 by agents of the Federal Drug Enforcement Administration. Brief at 1. This seizure was effected pursuant to petitioner's arrest for misdemeanor possession of marijuana. *Id.* Petitioner was tried and apparently convicted on this charge in state court the next day. Thereafter, the Drug Enforcement Administration commenced administrative forfeiture proceedings against the seized property. In response to these proceedings, petitioner filed a petition contesting forfeiture and claim of ownership with the forfeiture counsel of the Drug Enforcement Administration on January 12, 1987 and posted the requisite bond. *Id.* at 2; Exhibit B. Petitioner asserts that this matter has been ripe for the filing of a civil forfeiture action since February 1987 although, to date, no complaint for forfeiture has been filed. *Id.* The status of this matter has remained unchanged despite

"repeated efforts" by petitioner to press his claim.[1] After having been without the use of the seized property for approximately one year, petitioner filed the instant motion.

## CONCLUSIONS OF LAW

Rule 41(e) provides:

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for a hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

In regard to the applicability of this rule to the instant controversy, the court makes the following observations. Although the property in question was seized December 1, 1986 by federal agents of the Drug Enforcement Administration, no federal criminal proceedings have been instigated. Indeed, petitioner asserts that the seizure was effected "pursuant to his [state] arrest for a misdemeanor possession of marijuana charge," and that "there were no other criminal charges brought in this matter." Brief at 1. In this regard, Fed.R.Crim.P. 54(a) provides, "these rules [of federal criminal procedure] apply to all criminal proceedings in the United States District Courts." The court also notes that administrative forfeiture proceedings have been instigated against the seized property. As previously mentioned, petitioner admits to having filed a petition contesting forfeiture and a claim of ownership in response to these proceedings. In this regard, Rule 54(b) provides, "these rules [of federal criminal procedure] are not applicable to ... civil forfeiture of property for violation of a statute of the United States." For these reasons, the court concludes that Rule 41(e) is not an avenue of relief available to petitioner.

The court is concerned, however, by petitioner's uncontroverted representations concerning the length of time which has elapsed since the institution of administrative forfeiture proceedings.[2] As noted above, the court does not have the benefit of a response from the government and thus is unaware of the present status of this proceeding or the government's intentions regarding its disposition. For this reason, the court believes that granting petitioner the relief fashioned by the former Fifth Circuit in *Castleberry v. Alcohol, Tobacco and Firearms*, 530 F.2d 672 (1976) may be appropriate. In *Castleberry*, the court of appeals reviewed facts similar to those presently before this court. Specifically at issue was the defendant United States agency's failure to institute civil forfeiture proceedings following the seizure of the plaintiffs' automobile. In reversing the relief granted by the district court,[3] the court held that where the government refuses "to institute proceedings to ascertain the forfeiture, the district court may, upon the application of the aggrieved party, compel the [agency] to proceed to adjudication, or to abandon the seizure." *Castleberry* at 674 (quoting *In re: Behrens*, 39 F.2d 561 (2d Cir.1930)). *See also United States v. One Douglas A–26B Aircraft*, 436 F.Supp. 1292, 1299 (S.D.Ga.1977) (the district court may require the government to begin forfeiture proceedings or to return the seized

---

1. This assertion is supported by several letters to various federal officials attached to petitioner's motion as Exhibit B.

2. An unreasonably long retention without instituting a forfeiture proceeding can constitute a denial of due process. *United States v. $8,850 in United States Currency*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983).

3. The district court ordered the return of the seized automobile. The court of appeals held that absent extraordinary circumstances, the legality of the seizure should be determined in a judicial forfeiture action. *Castleberry* at 675.

property), *aff'd*, 662 F.2d 1372 (11th Cir. 1981); *Robinson v. United States*, 734 F.2d 735 (11th Cir.1984) (extraordinary circumstances allow district court to grant more than *Castleberry*-type relief). The court went on to state that where, as here, the district court is persuaded that an unconscionable delay may be taking place on the part of the government, the release of the seized property should be compelled "subject to the seizing agency's bringing proper forfeiture proceedings within a reasonable length of time." *Id.* at 677. The court's power to grant this relief derives from those equitable powers "necessarily inherent in the court's supervision of its own docket." *Id; Robinson* at 738.

Accordingly, petitioner's motion pursuant to Criminal Rule 41(e) is hereby converted into a civil complaint to compel civil forfeiture proceedings. *Castleberry.* The government shall be allowed twenty (20) days from receipt of this order in which to respond to petitioner's converted complaint.[4] Should the government opt to institute civil forfeiture proceedings rather than directly respond to petitioner's complaint, it shall file written notice of such intention within this twenty-day period, and its complaint for forfeiture shall be filed within thirty days of such notice. Failure to respond or file notice within the above-imposed time frame will result in an entry of default pursuant to Fed.R.Civ.P. 55(a).

## CONCLUSION

Petitioner's motion for return of seized property pursuant to Criminal Rule 41(e) is DENIED. For the reasons set forth above, however, the court hereby converts petitioner's motion into a civil complaint to compel civil forfeiture proceedings. The government is given twenty (20) days from service of petitioner's amended complaint in which to plead or otherwise respond as provided above. Petitioner's request for

entry of default is DENIED with leave to renew.

SO ORDERED.

---

**4.** The court is aware that pursuant to Fed.R. Civ.P. 12(a) federal defendants are allowed sixty days after the service of a complaint in which to answer or otherwise respond. However, the record before the court indicates that the government was served with the instant motion December 10, 1987.