UNITED STATES of America, Plaintiff,

v.

**ONE (1) 1984 NISSAN 300 ZX, GEORGIA LICENSE NO., VIN JN1HZ11452EX032749, Defendant.**

**Civ. A. No. 1:88–CV–1179–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 28, 1989.

---

Nina Hickson Perry, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

William M. Warner, Atlanta, Ga., for claimant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiff United States of America's motion for summary judgment and request for certificate of probable cause. Fed.R.Civ.P. 56; 28 U.S.C. § 2465, and motion to strike.

## I. STATEMENT OF FACTS.

On December 1, 1986, claimant Christopher M. Toliver was arrested by state law enforcement authorities for misdemeanor possession of marijuana. The arrest was effected as claimant departed the scene of the drug purchase in the defendant vehicle. That same day the defendant vehicle was seized by agents of the Federal Drug Enforcement Administration (DEA) on the grounds that it was used to facilitate the purchase of a controlled substance in violation of 21 U.S.C. § 881(a)(4).

On December 2, 1986, claimant pleaded no contest in the Municipal Court of the City of Atlanta to the misdemeanor charge. He was fined $45 and released. No other criminal charges—federal or state—have been brought against claimant.

On December 15, 1986, claimant received notice from the DEA that administrative forfeiture proceedings would be initiated against the defendant vehicle. Pursuant to this notice, on January 12, 1987, claimant filed a petition contesting forfeiture and claim of ownership with the DEA and posted a $1270 bond to stop the administrative forfeiture proceedings. *See* 21 C.F.R. § 1316.76(b). Upon receipt of claimant's petition and other papers, the DEA transmitted the case to the United States Attorney for the Northern District of Georgia to initiate judicial forfeiture proceedings. *See* 21 C.F.R. § 1316.76(a). This was accomplished sometime in February of 1987.

From February through August, 1987, counsel for claimant visited, telephoned and corresponded with the United States Attorney's Office in an effort to expedite the filing of a complaint for civil forfeiture or to effect the return of the defendant vehicle. Counsel's efforts were to no avail. For this reason, on November 25, 1987—approximately one year from the date of the seizure—claimant filed an action styled "In the Matter of One 1984 Nissan 300ZX," Civil Action No. 1:87–CV–2552–JOF. By this action, brought pursuant to Fed.R. Crim.P. 41(e),[1] claimant petitioned the court to order the return of the defendant vehicle. The government declined to respond to claimant's petition.

The court took up consideration of claimant's petition in April 1988. By order entered April 26, 1988, the court converted claimant's petition into a complaint to compel civil forfeiture proceedings, 711 F.Supp. 1568 (1988) at 1570 (citing *Castleberry v. Alcohol, Tobacco and Firearms*, 530 F.2d 672 (5th Cir.1976)). The government was thereby ordered either to respond to claimant's complaint as converted or to file its own complaint for civil forfeiture. *Id.* On June 1, 1988, the government notified the court and claimant of its intent to seek judicial forfeiture of the defendant vehicle. On that same date, eighteen months from

---

1. "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property which was illegally seized.... If the motion is granted the property shall be restored...."

the date of seizure, the instant forfeiture action was filed. Claimant's complaint to compel civil forfeiture proceedings was therefore dismissed June 20, 1988. Claimant's claim of ownership was filed July 8, 1988. On July 28, 1988, claimant filed his answer and counterclaim.[2] The government's motion for summary judgment was filed December 19, 1988 and is now ripe for review.

## II. CONCLUSIONS OF LAW.

### A. *Motion to Strike.*

■ Plaintiff moves to strike claimant's February 7, 1989 supplemental brief in opposition to plaintiff's motion for summary judgment as having been filed without leave of court in violation of Local Rule 220–1(b)(2). Plaintiff's motion is GRANTED. Claimant's February 7, 1989 brief is hereby STRICKEN from the record.

### B. *Motion for Summary Judgment.*

■ Once the government succeeds in demonstrating a substantial connection between seized property and a controlled substance, the burden is upon the claimant to prove a defense to the forfeiture.[3] *See United States v. M/V Christie Lee,* 640 F.Supp. 667 (S.D.Fla.1986). In this regard, claimant opposes the government's summary judgment motion on the ground that the government's eighteen month delay in filing of the instant forfeiture complaint has worked to deny claimant his right to a prompt hearing under the due process clause of the fifth amendment. *See United States v. $8,850.00,* 461 U.S. 555, 564, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983); *see also M/V Christie Lee,* 640 F.Supp. at 672 (delay defense to forfeiture if due process violated); *United States v. One 1978 Cadillac Sedan DeVille,* 490 F.Supp. 725, 732 (S.D.N.Y.1980) (same). For the reasons set forth below, the court agrees with

claimant and denies the government's motion for summary judgment.

The Supreme Court's decision in *$8,850.00* controls the outcome of this case. In *$8,850.00,* the Court heard a civil forfeiture claimant's argument that an eighteen-month delay between the seizure of the defendant currency and the commencement of forfeiture proceedings violated her fifth amendment due process rights. In considering the claimant's argument, the Court held that *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), supplied the appropriate test for determining whether delay in initiating civil forfeiture proceedings violates due process. *Barker* requires a balancing of four factors: (1) the length of the delay; (2) the reason for the delay; (3) the claimant's assertion of his right; and (4) prejudice to the claimant. The Court applied these factors to the case before it and determined that while the delay was substantial, no other factor weighed in favor of the claimant's due process argument. The opposite holds true here.

### 1. The Length of the Delay.

As noted previously, eighteen months elapsed between the time the defendant vehicle was seized and the instant action was filed. This same amount of time was found by the Supreme Court to be "quite significant." *$8,850.00,* 461 U.S. at 564, 103 S.Ct. at 2012. While no constitutional "statute of limitations" has been established for forfeiture actions, the Court has noted that longer delays will require substantial justification to meet the reasonableness requirement of the due process clause. *Id.* In *$8,850.00,* the Court recognized that deprivation of a substantial sum of money for eighteen months is a "significant burden." In the instant case, the burden imposed by the government's eighteen month delay in seeking forfeiture of the

---

**2.** By his counterclaim, claimant seeks the return of the defendant vehicle, compensation for damages to the defendant vehicle while in the government's custody, return of the $1270 bond posted with the DEA, restitution of all costs associated with ownership of the vehicle during

the period of unreasonable delay and court costs and attorney's fees.

**3.** For the purposes of this order only, the court will assume that the government can successfully demonstrate probable cause to believe the defendant vehicle is subject to forfeiture.

defendant vehicle is even more significant. In addition to being deprived of the use of the defendant vehicle, claimant has been forced to bear all the costs associated with ownership; e.g., loan installment payments, taxes, insurance premiums, etc. Moreover, unlike currency, an automobile is a wasting asset. *See One 1978 Cadillac Sedan DeVille,* 490 F.Supp. at 732. The court therefore finds the government's eighteen month delay in filing the complaint for forfeiture to be more than sufficient to trigger the reasonableness analysis.[4]

### 2. The Reason for the Delay.

As noted by the Supreme Court, the decision to seize property is necessarily a hasty one. *Id.* For this reason, the government must be allowed some time to decide whether to institute forfeiture proceedings. However, where the delay is significant, this reason alone is not enough and the government must establish additional justification. *Id.* In this regard, the government contends that the delay was caused by the parties' efforts to reach a settlement of the dispute. This contention is nothing short of remarkable. It is clear that the government made no effort to resolve this matter—by settlement or by judicial forfeiture—until ordered to do so by the court's April 26, 1988 order. While the record shows that arguably meaningful negotiations took place between April and June, 1988, it likewise shows that well over one year elapsed between the time of seizure and the government's first attempt to resolve the matter. In *$8,850.00,* the Supreme Court determined that ongoing remission proceedings[5] coupled with pending criminal proceedings justified the eighteen-month delay in instituting the forfeiture action. In the case at bar, there simply exists no justification for the government's inaction.

### 3. Claimant's Assertion of his Right.

The third element to be considered in the due process balance is the claimant's assertion of the right to a judicial hearing. *$8,850.00,* 461 U.S. at 568–69, 103 S.Ct. at 2014. As noted previously, the claimant began his efforts to effect the return of the defendant vehicle within days of its seizure by timely filing his petition contesting forfeiture with the DEA. This step halted the administrative proceedings and caused the case to be submitted to the United States Attorney who in turn was required to institute a forfeiture action "promptly." 21 U.S.C. § 881(b). When no action was taken within several weeks, claimant made numerous attempts to persuade the government to return the defendant vehicle or to file a complaint for forfeiture. When these efforts failed, the action to compel forfeiture was filed. *See id.* at 569, 103 S.Ct. at 2014. Unlike the claimant in *$8,850.00,* there can be no doubt that claimant has at all times vigorously asserted his right to a judicial hearing.

### 4. Prejudice.

The fourth and final element of the due process analysis is whether claimant has suffered any prejudice by the delay. Here, the court's primary inquiry is "whether the delay has hampered the claimant in presenting a defense on the merits." *$8,850.00,* 461 U.S. at 569, 103 S.Ct. at 2014. In the instant case, this factor does not appear to be significant. However, the Supreme Court's four-factor test is designed only as a guide in balancing the interests of the claimant and the government in a particular case. *$8,850.00,* 461 U.S. at 565, 103 S.Ct. at 2012. Thus, where, as here, the government can offer no credible reason for substantial delay, and the claimant has vigorously asserted his right to a judicial hearing, a finding of prejudice is not a necessary condition for finding a violation of due process. *Id.*

---

**4.** In addition, it is noteworthy that the instant action was filed only after the court imposed a deadline on the government. It should also be noted that Section 881(b) requires that civil forfeiture proceedings "shall be instituted promptly."

**5.** Pursuant to 21 C.F.R. § 1316.79, a forfeiture claimant may file a petition for remission or mitigation of the forfeiture.

To review, the court has found (1) that the government's eighteen-month delay in instituting forfeiture proceedings against the defendant vehicle is sufficient to raise due process concerns; (2) that the government can offer no credible reason for this delay; and (3) that claimant has vigorously and consistently asserted his right to a judicial hearing from the start. Because the balance of these factors so strongly favors claimant, the court can only conclude that the government's unjustified delay in instituting the forfeiture action has deprived claimant of his due process right to prompt judicial hearing. Accordingly, the government's motion for summary judgment is DENIED.

### C. *Status of the Case.*

The court finds that the instant forfeiture action is subject to dismissal in view of claimant's constitutional injury. *See United States v. One (1) Douglas A–26B Aircraft*, 436 F.Supp. 1292 (S.D.Ga.1977) (Lawrence, J.); *U.S. v. $23,407.69 in U.S. Currency*, 715 F.2d 162, 166; *One 1978 Cadillac Sedan DeVille*, 490 F.Supp. at 732; *One 1970 Ford Pick Up*, 564 F.2d 864; *United States v. One Motor Yacht Named Mercury*, 527 F.2d 1112 (1st Cir.1975); *Sarkisian v. United States*, 472 F.2d 468 (10th Cir.1973); *see also Robinson v. United States*, 734 F.2d 735 (11th Cir.1984). Claimant is therefore entitled to possession of the defendant vehicle. The question remains, however, as to whether claimant is entitled to the additional relief requested in his counterclaim. Accordingly, the court rules as follows. The government's forfeiture complaint is hereby DISMISSED. The parties are DIRECTED to file cross motions for summary judgment on claimant's counterclaim within forty-five (45) days of the date of this order.

### III. CONCLUSION.

In sum, plaintiff's motion to strike is GRANTED. Claimant's February 7, 1989 brief is hereby STRICKEN from the record. In addition, plaintiff United States of America's motion for summary judgment and request for certification of probable cause are DENIED. Plaintiff's complaint for forfeiture is hereby DISMISSED. The parties are DIRECTED to file cross motions for summary judgment on claimant's counterclaim within forty-five days of the date of this order.

SO ORDERED.