**UNITED STATES of America, Plaintiff,**

v.

**$19,440.00 IN U.S. CURRENCY, Defendant.**

**No. A92–252–CIVIL.**

United States District Court, D. Alaska.

Feb. 18, 1993.

Elizabeth S. O'Leary, Asst. U.S. Atty., Anchorage, AK, for plaintiff.

Paul J. Nangle, Paul J. Nangle & Associates, Anchorage, AK, for defendant.

## ORDER

SEDWICK, District Judge.

Claimant Patrick Sterling requests that the court dismiss this action to forfeit the defendant $19,440.00 because 1) the money was seized in violation of his Fourth Amendment rights, and 2) the United States unduly delayed in bringing the present action in violation of his right to due process under the Fifth Amendment to the United States' Constitution. The United States opposed the motion and cross moved for summary judgment on the grounds that it has established probable cause to believe that the $19,440 was used or intended to be used in a drug transaction.

The underlying facts are not in dispute and, to a large degree, parallel those relied upon by the Ninth Circuit in resolving Mr. Sterling's criminal appeal.[1] On May 2, 1989, Mr. Sterling, a black Jamaican, delivered a package to Mail Boxes, Etc., USA, Inc. addressed to California. *See* Claimant's Combined Reply to Government's Opposition to Claimant's Motion for Summary Judgment and Opposition to Government's Cross–Motion for Summary Judgment (# 22) ("Claimant's Reply and Opposition"), Exhibit A, ¶¶ 6,

7. The Anchorage Police Department was investigating a suspected Jamaican drug ring in the spring of 1989 and had instructed Mail Boxes, Etc. to report any Jamaican males seeking to use their services. Verified Complaint for Forfeiture (# 1), Affidavit of Robert E. Crayford, ¶ 1. Shawn Anderson, a clerk at Mail Boxes, Etc. called Investigator Cooper of the APD after Mr. Sterling sought to send a package to California. Memorandum in Support of Motion for Summary Judgment (# 19), Exhibit A at 3. Investigator Cooper inspected the package and had a narcotics dog sniff the package, but the dog failed to "alert." *Id.* at 5. Ms. Anderson determined, after consultation with representatives of Federal Express and DHL, and Investigator Cooper, that she had authority to open the package to check for drugs. *Id.* at 5–6. She discovered clothing and $19,440 in the parcel. *Id.* at 6. The APD confiscated the parcel and its contents without a warrant.

On October 10, 1989, the United States charged Mr. Sterling, along with Boyston Edwards, Junor Douglas, Kathy Stewart, and Pauline Douglas with conspiring to distribute cocaine in violation of 21 U.S.C. § 846, and numerous individual counts involving the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Case A89–096 CR (U.S.Dist.Alaska). Upon Sterling's Motion to Suppress, Judge Fitzgerald suppressed all evidence obtained after Investigator Cooper confiscated the parcel without a warrant as violative of the Fourth Amendment. *Id.* at Exhibit C. At trial, Judge Kleinfeld did allow the government to present rebuttal evidence that $800 of the money seized from Sterling on May 2, 1989, were marked bills paid by a government officer to a co-defendant, Kathy Stewart, for drugs on April 17, 1989.

On April 9, 1990, Mr. Sterling was convicted on two counts of conspiracy and distribution of controlled substances in violation of 21 U.S.C. §§ 846 *et seq.* and 841(a)(1). Opposition (21), at 2. On October 24, 1991, the Ninth Circuit affirmed the conviction.

The United States filed this action on February 21, 1992, under 21 U.S.C. § 881 for

---

1. Neither party has filed a Statement of Genuine Issues as required by Local Rule 5(F)(2).

forfeiture against the $19,440 seized from Sterling. Mr. Sterling filed his Motion for Summary Judgment on November 16, 1992.

## I. *Invalid Seizure*

■ Sterling moves to dismiss the forfeiture action in light of the district court's prior determination in Case No. A89–096 CR that Investigator Cooper's warrantless seizure of the parcel violated the Fourth Amendment. Sterling argues that Investigator Cooper's warrantless seizure of the money and clothing precludes forfeiture. It is beyond argument that the government may not use evidence obtained in violation of the Fourth Amendment to establish probable cause necessary to obtain a judgment for forfeiture. *United States v. $277,000.00 U.S. Currency,* 941 F.2d 898 (9th Cir.1991). But, the government may still seek forfeiture of an item seized in violation of the Fourth Amendment if it can establish probable cause to believe that the item was used or intended to be used in an illegal drug transaction by untainted evidence. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 450 (9th Cir.1983).

## II. *Delay in Prosecuting Civil Forfeiture Action*

■ Sterling argues that commencement of this forfeiture action thirty-three months after the United States seized the $19,440 violated his right to due process guaranteed by the Fifth Amendment to the United States Constitution.[2] The Fifth Amendment guarantees an owner of property seized by the government subject to forfeiture a right to a post-seizure hearing within a meaningful time. *United States v. $8,850 in United States Currency,* 461 U.S. 555, 103

S.Ct. 2005, 76 L.Ed.2d 143 (1983). It is well recognized that criminal proceedings do not suspend a property owner's right to a prompt post-seizure hearing. *Id.* In situations such as this where the government substantially delays in instituting forfeiture proceedings, it must justify the delay. *United States v. $23,407.69,* 715 F.2d 162, 166 (5th Cir.1983).

The Anchorage Police Department seized the $19,440 contained in Mr. Sterling's package on May 2, 1989. On May 9, 1989, counsel for Mr. Sterling contacted Fred Thomas of the Drug Enforcement Agency (DEA) in an attempt to retrieve Mr. Sterling's clothing and money. *See* Claimant's Reply and Opposition, Exhibit C.[3] Mr. Sterling mailed a letter to the DEA apparently challenging its administrative proceeding to forfeit the $19,-440.[4] Both the United States and Sterling agree that on September 20, 1989, the DEA ruled that the money was forfeited. On March 27, 1990, the DEA advised Sterling that it had misplaced his letter regarding the administrative forfeiture proceedings, and allowed him to file a Petition for Remission or a Mitigation of Forfeiture, which Sterling filed on March 30, 1990.[5]

Sterling was convicted on April 9, 1990. The court denied Sterling's request for a new trial on June 15, 1990. Sterling appealed his conviction. The Ninth Circuit affirmed the conviction on October 24, 1991. The United States maintains that it received the decision approximately three months later on January 23, 1992. The United States commenced this forfeiture action on February 21, 1992.

The Supreme Court established the appropriate standards to evaluate the government's compliance with the dictates of the

---

2. Sterling also refers to 21 U.S.C. § 881(b), which requires forfeiture proceedings "be instituted promptly." Delay in instituting forfeiture proceedings raises due process concerns. § 881(b) does not add anything to the constitutional questions presented by Sterling's motion.

3. Mr. Thomas replied that the DEA was not in possession of Mr. Sterling's clothing. Claimant's Reply and Opposition, Exhibit C.

4. Neither party has provided a copy to the court of the August 10, 1989, letter, or even a summary of its contents.

5. The United States does not, and cannot, contend that the administrative proceeding constituted Mr. Sterling's due process. The administrative process affords a claimant no opportunity to contest the seizure of his or her property. By statute, the filing of a claim and cost bond ends the administrative process and requires a judicial proceeding to obtain forfeiture. 19 U.S.C. § 1608; 19 C.F.R. § 162.47(d); 21 C.F.R. § 1316.76(b).

due process clause in prosecuting forfeiture actions in *United States v. $8,850 in United States Currency,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). There, the United States Customs Service confiscated $8,850 from a woman entering the United States from Canada. The government sought forfeiture of the seized money under the Bank Secrecy Act, 31 U.S.C. § 1102(a), for failing to declare amounts exceeding $5,000 when entering the United States. Although the United States delayed eighteen months in filing its forfeiture action from the date of seizure, the Court held that the delay did not violate the claimant's right to due process.

The Court rejected the argument that due process did not require a prompt post-seizure hearing. *Id.* at 563, 103 S.Ct. at 2012. Instead, the Court adopted the test applied to determine whether the government has unduly delayed in bringing a criminal defendant to trial in violation of the Sixth Amendment right to a speedy trial. In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Court adopted a balancing test under the sixth amendment that requires a court to weigh four factors: length of delay, the reason for delay, the defendant's assertion of his rights, and prejudice to the defendant. *Id.* 407 U.S. at 530–31, 92 S.Ct. at 2192. However, the Court was careful to point out that:

> none of these factors is a necessary or sufficient condition for finding unreasonable delay. Rather, these elements are guides in balancing the interests of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case.

*$8,850,* 461 U.S. at 565, 103 S.Ct. at 2012.

## A. Delay and the government's reasons for delay

■ Mr. Sterling's motion raises two periods of time in his due process argument: the thirty-three months between the initial seizure and the commencement of this case, and the twenty-two months from the date of conviction until the commencement of this case. Although no duration is per se unconstitu-

tional, both the thirty-three month and the twenty-two month periods are significant periods of time in comparison with other instances of delay held to violate a claimant's rights to due process. *$8,850,* 461 U.S. at 565, 103 S.Ct. at 2012 (delay of 18 months was "significant" for purposes of due process); *United States v. $23,407.69 in U.S. Currency,* 715 F.2d 162, 166 (5th Cir.1983) (13–month delay violated due process); *United States v. One (1) 1984 Nissan 300 ZX,* 711 F.Supp. 1570 (N.D.Ga.1989) (18–month delay violated due process).

■ The amount of delay must be evaluated in light of the facts of the case, and in particular, the reason the government assigns to justify the delay. *$8,850,* 461 U.S. at 565, 103 S.Ct. at 2012. Here, the government defends its inaction on the grounds of judicial economy. It argues that proceeding with the judicial forfeiture prior to the Ninth Circuit's decision affirming Sterling's conviction would have been "costly and inefficient." Opposition to Claimant's Motion for Summary Judgment and Cross–Motion for Summary Judgment (# 21), at 13. The government further contends that the money was necessary as evidence. *Id.*

The government's second justification is ill conceived. All evidence obtained after Investigator Cooper seized the parcel, including the money, was suppressed at trial. The government failed to appeal. Regardless of the outcome of Sterling's appeal, the government could not introduce the money into evidence.

■ The pendency of criminal proceedings does not automatically toll the application of the due process clause to the commencement of forfeiture proceedings. *$8,850,* 461 U.S. at 567, 103 S.Ct. at 2013–14. However, the pendency of administrative or criminal proceedings is a significant factor. *See United States v. $47,980 in Canadian Currency,* 804 F.2d 1085, 1089 (9th Cir.1986), *cert. denied,* 481 U.S. 1072, 107 S.Ct. 2469, 95 L.Ed.2d 878 (1987) ("As pointed out in *$8,850,* the possibility of a criminal proceeding justifies delay in instituting a civil forfeiture suit."). In *$8,850,* the Supreme Court concluded that the government had not violated the due process clause although the government de-

layed the forfeiture proceeding until resolution of both the claimant's petition for remission and her criminal trial. The Court reasoned that a prior civil action might require a claimant/defendant to raise inconsistent defenses, or "estop later criminal proceedings and may provide improper opportunities for the claimant to discover the details of a contemplated or pending criminal prosecution." *$8,850*, at 567, 103 S.Ct. at 2013–14. The Court recognized that the diligent pursuit of pending administrative and criminal proceedings were weighty factors justifying delay. *Id.* at 566–67, 103 S.Ct. at 2013–14.

■ In this instance the government delayed instituting the present forfeiture action not only pending the criminal trial, but also during its appeal. The government thus waited an additional twenty-two months before commencing its judicial forfeiture proceeding. Counsel have not cited, and the court has not found, any precedent specifically addressing the constitutional implications of postponing a post-seizure forfeiture hearing pending a criminal appeal. However, the Supreme Court has made clear that the pendency of a criminal trial "does not automatically toll the time for instituting forfeiture proceeding." *Id.* at 568, 103 S.Ct. at 2013–14. It necessarily follows that the pendency of a criminal appeal does not automatically toll the time to file forfeiture proceedings. Delay of the forfeiture hearing for an additional twenty-two months after Sterling's conviction was unreasonable absent facts specific to this case that would require further delay. The government has not offered any such facts and this court will not speculate as to possible reasons. *See United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1518 (9th Cir.1992).

Additionally, the policies warranting postponement of forfeiture hearings pending administrative hearings and criminal trials are not equally persuasive with respect to appeals. The reasons identified in *$8,850* supporting delay of forfeiture hearings pending resolution of a criminal trial—the potential preclusive effects of a prior civil proceeding, discovery of the government's strategy and criminal case against the claimant, and the possibility of inconsistent defenses—simply are not present during the appeal of the claimant's criminal conviction. The threat that either party will improperly discover or preclude some fact or strategy does not exist: the cards are on the table, and have, in fact, been played. Moreover, the ultimate guilt or innocence of the defendant/claimant on the particular charge appealed is largely irrelevant to the United States' ability to obtain forfeiture. *United States v. One (1) 1985 Mercedes*, 917 F.2d 415, 419 (9th Cir.1990). Indeed, in *$8,850* the government instituted forfeiture proceedings within approximately three months of the date of conviction, but pending an ultimately successful appeal by the defendant/claimant.

The government's position could also have a chilling effect on criminal appeals. A criminal defendant/claimant convicted at trial may be placed in the position of pursuing his or her appeal at the expense of a prompt post-seizure hearing, already delayed pending the criminal trial. Mr. Sterling's case provides ample proof that an appeal may significantly increase the time a claimant must wait to receive his constitutional right to a prompt post-seizure hearing.

### B. *Assertion of right to hearing*

■ The Supreme Court in *$8,850* found the claimant's failure to assert her right to a hearing to be persuasive evidence of her acquiescence in not holding an early judicial hearing. *$8,850*, 461 U.S. at 568–69, 103 S.Ct. at 2014. Specifically, a claimant may institute an equitable action to compel the government to return the seized property. *See Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d 15, 18 (7th Cir.1978). Mr. Sterling has not filed such an action.

Mr. Sterling contends that he has asserted his right to a hearing since two days after the May 2, 1989, seizure. In support of his argument, Sterling submits a letter from his counsel to the DEA requesting the return of his money and clothes. This letter simply requests the return of the seized property, it does not request or assert a right to a hearing.

Mr. Sterling points to another letter dated August 10, 1989, as evidence of his continuing

assertion of his due process rights. While the United States acknowledges the existence of an August 10, 1989, letter from Sterling, neither the United States, nor Mr. Sterling, have produced that letter and the court will not speculate as to its contents other than to note that it was sufficient to preserve Mr. Sterling's claim and to require the United States to commence the instant judicial proceedings. Regardless of the contents of the August 10, 1989 letter, Mr. Sterling's apparent complete silence over the next two and one-half years is, as the Supreme Court found in *$8,850,* persuasive evidence of his acquiescence in not holding an early judicial hearing.

### C. *Prejudice*

The Supreme Court has defined prejudice with regard to a claimant's due process rights to prompt post-seizure forfeiture hearings as "whether the delay has hampered the claimant in presenting a defense on the merits, through, for example the loss of a witness or other important evidence." *$8,850,* 461 U.S. at 568–69, 103 S.Ct. at 2014. Mr. Sterling has failed to identify any prejudice that has resulted from the delay in bringing the seizure of the money to hearing.

In summary, the government has held the defendant $19,440 since approximately May 2, 1989. The government offers no reason for its delay in instituting the present forfeiture action other than judicial economy and costs. On the other hand, the claimant has not vigorously asserted his right to a post-seizure hearing, and has failed to demonstrate any prejudice resulting from the delay. In resolving this matter, this court is mindful of the Ninth Circuit's recent observation:

> [w]henever the Government seizes a significant amount of money and withholds it for an unreasonable length of time without bringing charges and without offering evidence to justify its continued withholding and without any indication as to when if ever charges will be filed, the [claimant] suffers irreparable harm.

*United States v. $12,248 United States Currency,* 957 F.2d at 1519. (*quoting Mr. Lucky Messenger Service, Inc. v. United States,* 587 F.2d 15, 18 (7th Cir.1978)). Although the United States brought charges against, and convicted, Sterling, it fails to justify its delay.

When the government uses such a potent tool as the civil forfeiture law—a tool which in its present design strikes near the edge of the anvil of government power—it is under an obligation to act more expeditiously than it has in the case at bar. An unexplained delay of the duration here presented mocks the standards by which government conduct must be measured when it confiscates property on no stronger ground than probable cause. At some point in time due process requires the government act to afford a person with a meaningful opportunity to challenge the seizure of his property. The government may not idly rely indefinitely upon the silence of the claimant to avoid its constitutional obligation. The court recognizes that some cases may present sufficient justification to warrant postponement of forfeiture proceedings pending resolution of a criminal appeal, but this is not such a case. *Contrast United States v. United States Currency in the Amount of 228,536.00,* 895 F.2d 908 (2nd Cir.), *cert. denied,* 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 747 (1990) (delay of almost four years from arrest and three years from conviction did not violate due process where government continued to prosecute defendant and co-defendants and contemporaneous forfeiture proceeding would "reveal sensitive information about the criminal prosecutions.") The government cannot wait almost three years, two years after conviction, to bring its forfeiture action for no other reason than its concept of efficiency.

IT IS THEREFORE ORDERED THAT:

Claimant Patrick Sterling's Motion for Summary Judgment (Docket No. 19) is **GRANTED** based upon the court's finding that the 22–month delay from the date of Sterling's conviction, in addition to the 11–months prior to his criminal trial, violated his right to a prompt post-seizure hearing as guaranteed by the Fifth Amendment's due process clause.

Plaintiff United States' Cross Motion for Summary Judgment (Docket No. 21) is **DENIED.**