2000 ND 29

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Karmon Michelle KOBLE, Defendant and Appellant.**

**No. 990293.**

Supreme Court of North Dakota.

Feb. 22, 2000.

due care in the exercise or performance of, or failure to exercise or perform, a discretionary function.

Ladd R. Erickson, Assistant State's Attorney, Mandan, for plaintiff and appellee.

Ralph A. Vinje, Vinje Law Firm, Bismarck, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Karmon Koble appealed from an order of forfeiture, claiming the motion to forfeit was not timely filed and, alternatively was not instituted "promptly." We affirm.

[¶ 2] On June 5, 1997, law enforcement officers executed a search warrant at an address in Mandan. The officers seized numerous items including marijuana, methamphetamine, drug paraphernalia, weighing devices, packaging materials, owe sheets and $4000.00 in U.S. currency. While the officers were executing the search warrant, Mike Serr returned to the apartment. He was arrested and officers seized drugs and $278.00 from him. Authorities also found items in two vehicles. The search of a car registered to Mike Serr yielded a package of marijuana and the search of a car registered to Koble yielded a baggie of marijuana, a container of marijuana residue, and burnt marijuana.

[¶ 3] As a result of the evidence obtained in execution of the search warrant, Serr and Koble were charged with possession with intent to deliver methamphetamine and possession with intent to deliver marijuana.[1] On April 13, 1999, a jury found both defendants guilty of the offenses charged. On August 13, 1999, the State filed a motion to forfeit the $4000.00 seized from the apartment and the $278.00 from Serr during execution of the search warrant. Serr did not respond to the motion. However, Koble filed a response to the motion, arguing the motion was procedurally inadequate to effect forfeiture and it was not instituted "promptly." The district court issued an order granting the motion to forfeit the $4,278.00.

I

[¶ 4] In Koble's first issue on appeal, she contends the State's motion to forfeit failed to give the 20 days notice required by N.D.C.C. § 29–31.1–09. Section 29–31.1–09, N.D.C.C., states notice of the motion for forfeiture "must be served at least twenty days before a hearing on the motion unless the time period is waived by all parties claiming an interest in the property." The State concedes it did not give 20

---

1. Both defendants were also charged with conspiracy to deliver controlled substances, but this Court affirmed the preliminary hearing dismissal of that charge. *See State v. Serr,* 1998 ND 66, 575 N.W.2d 896.

days notice, but claims the time period was waived.

[¶ 5] Issues not adequately raised below will not be addressed on appeal. *A & H Services, Inc. v. City of Wahpeton*, 514 N.W.2d 855 (N.D.1994). At the district court, Koble made two arguments in resisting forfeiture. First Koble asserted the forfeiture was invalid because the State's motion did not comply with proper service under N.D.C.C. § 19–03.1–36.3. Second, Koble asserted the forfeiture proceedings were not instituted promptly as required by N.D.C.C. § 29–31.1–36(3). Koble did not challenge whether the State failed to give proper notice as required by N.D.C.C. § 29–31.1–09. Koble never mentioned N.D.C.C. § 29–31.1–09 or referred to the 20–day notice requirement. Because Koble failed to adequately raise this issue before the district court, we will not consider it.

## II

[¶ 6] Koble also argues the State failed to meet the promptness requirement in N.D.C.C. § 19–03.1–36(3), by waiting over two years to file the motion for forfeiture. The interpretation of a statute is a question of law and is fully reviewable by this Court on appeal. *Gabriel v. Minnesota Mut. Fire and Cas.*, 506 N.W.2d 73, 75 (N.D.1993). Words used in a statute are to be understood in their ordinary sense, unless a contrary intention plainly appears. N.D.C.C. § 1–02–02.

[¶ 7] The State brought the forfeiture motion under Title 29, N.D.C.C., rather than Title 19, N.D.C.C. Sections 29–31.1–08 and 29–31.1–09, N.D.C.C., state:

29–31.1–08. Retention of forfeited property. If property forfeitable under this chapter is needed as evidence in a criminal proceeding, it must be retained under the control of the prosecuting attorney, or the prosecuting attorney's designee, until such time as its use as evidence is no longer required.

29–31.1–09. Disposition of forfeitable property held as evidence in criminal proceeding. Notwithstanding other provisions of this chapter, in the case of forfeitable property seized and held as evidence of the commission of a criminal offense, the court in which a criminal prosecution was commenced may issue its order, upon motion and after hearing unless waived, for disposition of the property in accordance with this chapter. . Notice of the motion must be served in accordance with the rules of civil procedure upon the owner and all persons known to be claiming an interest in the property to be forfeited. The notice must be served at least twenty days before a hearing on the motion unless the time period is waived by all parties claiming an interest in the property. The motion must contain the information required in a complaint as set forth in section 19–03.1–36.3. Although no separate forfeiture proceeding is required to be instituted under this section, all other provisions of this chapter apply to proceedings commenced pursuant to this section.

[¶ 8] Unlike forfeiture under Chapter 19–03.1, N.D.C.C., the sections above deal specifically with the forfeiture of property held as evidence. Section 29–31.1–08, N.D.C.C., requires the prosecuting attorney, or the prosecuting attorney's designee to hold the evidence until it is no longer needed. Section 29–31.1–09, N.D.C.C., allows for forfeiture by motion after a criminal prosecution has commenced.

[¶ 9] The promptness requirement cited by Koble is found in N.D.C.C. § 19–03.1–36(3), and reads, "In the event of seizure pursuant to subsection 2, proceedings under subsection 4 must be instituted promptly.". Section 29–31.1–04, N.D.C.C., requires proceedings under Chapter 29 to "be conducted in accordance with the procedures established for the forfeiture of property in sections 19–03.1–36.1 through 19–03.1–36.7." However, there is no similar incorporation of N.D.C.C. § 19–03.1–36,

the source of the promptness requirement. Thus, the promptness requirement in § 19–03.1–36 cited by Koble does not apply to forfeitures under Chapter 29–31.1, N.D.C.C.

[¶ 10] Koble cited *State v. One Black 1989 Cadillac*, 522 N.W.2d 457 (N.D.1994), in support of her argument. In *Black Cadillac*, a law enforcement officer seized Herbert O'Rourke's Cadillac on March 3, 1993, without a warrant under the authority of N.D.C.C. § 19–03.1–36(1)(e), because the Cadillac was allegedly used to transport marijuana for the purpose of sale. The State began forfeiture proceedings on August 24, 1993, 174 days after the vehicle had been seized without process. We held the promptness guarantee in N.D.C.C. § 19–03.1–36(3) required proceedings under N.D.C.C. §§ 19–03.1–36.1 through 19–03.1–36.7 to be instituted promptly following seizure. We affirmed the trial court's dismissal of the forfeiture action.

[¶ 11] Importantly, *Black Cadillac* had a different factual and legal context than the present case. The car in *Black Cadillac* was taken without a warrant and was not held as evidence in a criminal trial; here the money was taken pursuant to a valid search warrant and was kept as evidence for use at trial. Further, the requirement of promptness (§ 19–03.1–36) and the procedures for instituting forfeiture (§§ 19–03.1–36.1 through 19–03.1–36.7) were all part of the same Uniform Controlled Substances Act. As discussed above, the forfeiture proceeding here was not instituted pursuant to the Uniform Controlled Substances Act, but under provisions that deal specifically with the forfeiture of property held as evidence. N.D.C.C. §§ 29–31.1–08 and 29–31.1–09.

[¶ 12] Although Koble's brief arguably raises a constitutional argument separate from the statutory promptness argument, it was not well-articulated. However, even though the promptness requirement in section 19–03.1–36, N.D.C.C., does not apply to Chapter 29, the delay between seizure of property and the institution of forfeiture proceedings is not without constitutional due process implications. As a general rule, properly seized property required for evidence at trial may be detained by authorities. *See, e.g., In re Search Warrants*, 117 F.R.D. 591, 594 (W.D.Mich.1987) (concluding "the government is entitled to keep properly seized evidence ...").  Although pending criminal proceedings do not toll the application of the due process clause to commencement of civil forfeiture proceedings, *see, e.g., U.S. v. $19,440.00 in U.S. Currency*, 829 F.Supp. 303, 305 (D.Alaska 1993), they may justify a delay. *See, e.g., U.S. v. $874,938.00 U.S. Currency*, 999 F.2d 1323, 1325 (9th Cir.1993). Because the money was held as evidence for trial and the time between the end of trial and the institution of forfeiture proceedings was short, we do not further consider the matter.

[¶ 13] We affirm.

[¶ 14] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.