676 N.W.2d 83 (2004)
2004 ND 48
STATE of North Dakota, Plaintiff and Appellee,
v.
Zachary BERGSTROM, Defendant and Appellant.
No. 20030160.
Supreme Court of North Dakota.
February 27, 2004.
*84 Susan Schmidt (submitted on brief), Severin Ringsak & Morrow, Bismarck, N.D., for defendant and appellant.
Cynthia Mae Feland (submitted on brief), Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.
MARING, Justice.
[¶ 1] Zachary Bergstrom appeals from a judgment entered upon a jury verdict finding him guilty of Possession of Drug Paraphernalia in violation of N.D.C.C. § 19-03.4-03. We affirm.

I
[¶ 2] On September 19, 2001, the State appeared before Judge Gail Hagerty to obtain a search warrant for Bergstrom's residence. At the beginning of the hearing to obtain the search warrant, Judge Hagerty stated, "I have an application for a search warrant seeking permission to search the residence of Zachary Bergstrom at 618 North 3rd Street, Bismarck." Detective Paul Olson testified under oath to provide probable cause for the search warrant. He testified an individual named David Mayne told him Bergstrom was involved in drug activity and to many details this individual gave to support the accusation.
[¶ 3] When attempting to begin the search, it was discovered 618 North 3rd Street, Bismarck, North Dakota, consisted of two apartments. The State appeared a second time before Judge Hagerty to obtain a second warrant for the correct apartment, number one. The second search warrant for Bergstrom's residence correctly listed 618 North 3rd Street, # 1, Bismarck, North Dakota, as the place to be searched. The warrant listed methamphetamine, marijuana, owe sheets, scales, drug paraphernalia, 9mm handgun, and a safe as the things to be seized. The search ultimately encompassed Bergstrom's residence, two vehicles, and a storage facility unit.
[¶ 4] In September 2001, Bergstrom was charged, by information, with one count of Possession with Intent to Deliver Marijuana, one count of Possession with Intent to Deliver Methamphetamine, one count of Delivery of Marijuana, one count of Delivery of Methamphetamine, one count of Possession of Drug Paraphernalia, and one count of a Felon in Possession of a Firearm. Bergstrom pled not guilty to all charges. The two delivery charges were dismissed due to the unavailability of a State witness. The Felon in Possession of a Firearm charge was dismissed as the result of referral to the United States Attorney's office for further prosecution.
[¶ 5] The trial court delayed the trial date twice. The State requested the first continuance because the Assistant State's Attorney assigned to the case had a scheduled vacation during the dates set for trial. The State requested the second continuance because its main witness was at the FBI training academy and the crime lab analyst was subpoenaed for another trial during the dates set for trial. The trial court denied the State's third motion for a continuance.
*85 [¶ 6] On January 8, 2003, approximately 400 days after pre-trial motions were due, Bergstrom moved to suppress evidence obtained in the searches, arguing Detective Olson did not testify to Bergstrom's exact address but referred only to his "residence." He also argued that the search of one of the vehicles was not a valid probation search. The trial court denied Bergstrom's motion to suppress.
[¶ 7] On May 27, 2003, Bergstrom moved to dismiss the case for lack of a speedy trial, arguing that it was unconscionable that more than two years had elapsed since he was arrested. The trial court denied the motion on June 2, 2003, and on June 4-5, 2003, a jury trial was conducted on one count of Possession with Intent to Deliver Marijuana, one count of Possession with Intent to Deliver Methamphetamine, and one count of Possession of Drug Paraphernalia.
[¶ 8] The jury found Bergstrom guilty of Possession of Drug Paraphernalia and not guilty of the two charges of Possession with Intent to Deliver. The judge entered judgment upon the jury verdict on June 5, 2003. Bergstrom appeals the judgment upon the jury verdict finding him guilty of possession of drug paraphernalia in violation of N.D.C.C. § 19-03.4-03.

II
[¶ 9] On appeal, Bergstrom argues the evidence discovered while conducting the searches should have been suppressed because Detective Olson's sworn testimony did not specifically state the address to be searched and, therefore, was not supported by probable cause. We disagree.
[¶ 10] The standard of review for the denial of a suppression motion is well established in North Dakota:
[W]e defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We affirm the district court's decision unless, after resolving conflicting evidence in favor of affirmance, we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence. That standard of review recognizes the importance of the trial court's opportunity to observe the witnesses and assess their credibility, and we accord great deference to its decision in suppression matters. Questions of law are fully reviewable.
State v. Matthews, 2003 ND 108, ¶ 8, 665 N.W.2d 28 (internal citations and quotations omitted).
[¶ 11] The Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, and Article I, section 8, of the North Dakota Constitution, protect individuals from unreasonable searches and seizures. The Fourth Amendment of the United States Constitution states:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. Const. amend. IV; see also N.D. Const. art. I, § 8.
[¶ 12] In this case, the first search warrant obtained by the State listed the address to be searched as 618 North 3rd Street, Bismarck, North Dakota. When it was discovered that the residence actually consisted of two apartments, the State obtained a second search warrant specifically listing the address to be searched as 618 North 3rd Street, # 1, Bismarck, North *86 Dakota. Both warrants listed methamphetamine, marijuana, owe sheets, scales, drug paraphernalia, 9mm handgun, and a safe as the things to be seized. Both warrants also stated Judge Hagerty was satisfied there was probable cause to believe the property listed was being concealed at the address listed.
[¶ 13] On appeal, Bergstrom argues the warrant was not valid because Detective Olson never testified under oath to the exact address, but referred only to Bergstrom's "residence." However, at the beginning of the hearing on the request for a search warrant, Judge Hagerty stated, "I have an application for a search warrant seeking permission to search the residence of Zachary Bergstrom at 618 North 3rd Street, Bismarck." Detective Olson testified under oath at the hearing for the second search warrant that the correct address was apartment number one. Therefore, we conclude the search warrant was valid, and the trial court's denial of Bergstrom's motion to suppress was supported by competent evidence and was not against the manifest weight of the evidence.

III
[¶ 14] Bergstrom argues he did not receive a speedy trial, guaranteed by the Sixth Amendment of the United States Constitution; Article I, section 12, of the North Dakota Constitution; and N.D.C.C. § 29-01-06(5). We disagree.
[¶ 15] In State v. Erickson, 241 N.W.2d 854, 859 (N.D.1976), this Court adopted the United States Supreme Court balancing test announced in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which is used to evaluate the validity of a speedy trial claim under the United States Constitution, and now, the North Dakota Constitution, and the North Dakota statute. N.D.C.C. § 29-01-06(5). The test requires balancing four factors: length of the delay, reason for the delay, proper assertion of the right, and actual prejudice to the accused. State v. Murchison, 541 N.W.2d 435, 438 (N.D.1995) (citing Barker, 407 U.S. at 531-33, 92 S.Ct. 2182). In Barker v. Wingo, the Supreme Court of the United States held:
We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.
Barker, 407 U.S. at 533, 92 S.Ct. 2182 (footnote omitted); see also State v. John son, 1999 ND 33, ¶ 21, 590 N.W.2d 192.
[¶ 16] On appeal, Bergstrom argues the delay of more than two years before his trial "continued far too long because of the State's requests for continuances." The delay of over two years in this case weighs in favor of Bergstrom. This length of delay should never be the norm, and trial judges should be diligent in preventing the length of delay in a case such as this. However, the length of delay does not control our analysis, it is merely one of four factors for this Court to balance. Murchison, 541 N.W.2d at 439 (quoting State v. Wunderlich, 338 N.W.2d 658, 661 (N.D.1983)).
[¶ 17] Closely related to the length of delay is the reason for delay. Bergstrom *87 argues that the reasons for delay are mostly attributable to the State, but admits in his brief on appeal that his changes in counsel could excuse some of the delay. See Murchison, 541 N.W.2d at 439 (stating that a new attorney request is relevant to a speedy trial claim). The State moved for three continuances in this case. The trial court rescheduled the trial and granted the State's motion for a continuance due to the Assistant State's Attorney's scheduled vacation during the new trial dates. The trial court granted a second motion for a continuance because the State's main witness was at the FBI training academy and the crime lab analyst was subpoenaed for another trial on the new dates set for trial. The trial court denied the State's third motion for a continuance.
[¶ 18] This Court has stated it is relevant whether the State purposefully delayed the trial. Murchison, 541 N.W.2d at 439. Here, there is no evidence the State purposefully delayed the trial. The court rescheduled the trial twice. The delay due to the Assistant State's Attorney's vacation is attributable to the State action, but the delay due to the unavailability of the State's main witness and crime lab analyst would not be. See Barker, 407 U.S. at 531, 92 S.Ct. 2182 (stating that a missing witness can serve as a valid reason to justify an appropriate delay of trial). However, Bergstrom moved to suppress evidence obtained in the searches approximately 400 days after pre-trial motions were due, causing delay. See Murchison, 541 N.W.2d at 439 (stating that motions initiated by the defendant are relevant when determining whether a defendant's speedy trial rights were violated).
[¶ 19] In his brief on appeal, Bergstrom addresses only the first two factors of the Barker v. Wingo balancing test. We have repeatedly held that a "party raising a constitutional challenge should bring up the heavy artillery or forego the attack entirely." State v. Backlund, 2003 ND 184, ¶ 38, 672 N.W.2d 431 (quotation omitted). Bergstrom failed to address whether he properly asserted his right to a speedy trial. More importantly, Bergstrom failed to allege any prejudice to him due to the delay. Further, his entire argument regarding a violation of his speedy trial rights under the United States Constitution, the North Dakota Constitution, and the North Dakota statute, is only two paragraphs in length. Although we are concerned by the length of delay in this case, Bergstrom has not brought up the heavy artillery and has not satisfied this Court that his speedy trial rights were violated by the delay in bringing his case to trial.
[¶ 20] We conclude Bergstrom was not denied his right to a speedy trial under the Sixth Amendment of the United States Constitution; Article I, section 12, of the North Dakota Constitution; or N.D.C.C. § 29-01-06(5).

IV
[¶ 21] We affirm the judgment entered upon the jury verdict finding Bergstrom guilty of Possession of Drug Paraphernalia in violation of N.D.C.C. § 19-03.4-03.
[¶ 22] DOUGLAS L. MATTSON, D.J., GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN and CAROL RONNING KAPSNER, JJ., concur.
[¶ 23] The Honorable DOUGLAS L. MATTSON, D.J., sitting in place of SANDSTROM, J., disqualified.