2006 ND 45

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Zachary BERGSTROM, Defendant and Appellant.**

**No. 20050110.**

Supreme Court of North Dakota.

Feb. 23, 2006.

Zachary Bergstrom, pro se, Federal Correctional Institution, Oxford, WI, defendant and appellant; submitted on briefs.

Cynthia M. Feland, Assistant State's Attorney, and Sara J. Gerhardt, third-year law student, Bismarck, N.D., for plaintiff and appellee; submitted on briefs.

SANDSTROM, Justice.

[¶ 1] Zachary Bergstrom appeals from the district court's amended order on his motion for return of property and the State's motion for forfeiture of evidence. He argues the property was not forfeitable, the district court's findings are contrary to this Court's decision in *State v. One Black 1989 Cadillac*, 522 N.W.2d 457 (N.D.1994), and his due process rights

have been violated by the delay between the end of his criminal case and the State's forfeiture action. The district court's finding of fact regarding the State's probable cause to bring this forfeiture action is inadequate to provide this Court with an understanding of the district court's factual basis used to reach its conclusion. Furthermore, we conclude the district court's amended order is clearly erroneous, because it is based on incorrect facts. For that reason, we reverse and remand for a new hearing.

I

[¶ 2] Facts of the underlying criminal case were outlined in *State v. Bergstrom*, 2004 ND 48, 676 N.W.2d 83. We reiterate the facts pertinent to this appeal. In September 2001, the State charged Bergstrom with possession of marijuana and methamphetamine with intent to deliver, delivery of marijuana and methamphetamine, possession of drug paraphernalia, and possession of a firearm by a felon. The delivery of marijuana and methamphetamine and possession of a firearm by a felon charges were dismissed. Bergstrom was tried for possession of marijuana with intent to deliver, possession of methamphetamine with intent to deliver, and possession of drug paraphernalia. On June 6, 2003, he was acquitted of the possession of marijuana and methamphetamine charges and convicted of the drug paraphernalia charge. On that same day, he appealed the conviction.

[¶ 3] Items seized as evidence in the case included marijuana, methamphetamine, drug paraphernalia, two vehicles and keys, $1,536 in cash, a television, a VCR, and electronics used for a home security system. On August 20, 2003, only seventy-five days after the district court's judgment, Bergstrom moved for return of the keys, the $1,536, the television, the VCR, and the home security system. The record does not reflect that he served his motion on the state.

[¶ 4] On February 27, 2004, this Court affirmed the conviction. *Bergstrom*, 2004 ND 48, 676 N.W.2d 83. On March 22, 2004, this Court's mandate was entered. Responding to the court's request for information on the status of the seized property, Assistant State's Attorney Cynthia Feland wrote the district court on April 20, 2004. She wrote that some property of Bergstrom's had already been returned to his mother, other property was ready to be picked up, and the Bismarck police would advise Feland on what property remained in its custody. The record does not reflect that a copy of the letter was sent to Bergstrom.

[¶ 5] On April 22, 2004, the district court wrote on Bergstrom's motion for return of property: "GRANTED. Asst SA Feland said all that remains to be returned is a VCR which the police are attempting to return to Bergstrom's parents. Robert Wefald 4/22/04." The record does not reflect that a copy of the order was sent to Bergstrom or the State, nor was it listed in the register of actions.

[¶ 6] On September 16, 2004, the State moved to forfeit the $1,536, the drugs, and drug paraphernalia. The State's motion mentioned Bergstrom's motion, but omitted the date. The State's motion did not mention its April 20, 2004, letter to the court.

[¶ 7] The State's motion to forfeit the property was 468 days after Bergstrom's acquittal of possession with intent to deliver, 393 days after his motion to return his property, and 201 days after this Court's opinion affirming Bergstrom's paraphernalia conviction. The district court found that the property had already been returned to Bergstrom or his agents, except for the $1,536, the drugs, and the drug

paraphernalia. The court then granted the State's motion to forfeit the $1,536, the drugs, and the drug paraphernalia. It found that the 201–day delay between the opinion affirming the conviction and the motion for forfeiture was justified. In its analysis, the district court used September 8, 2004, not April 20, 2003, as the date of Bergstrom's motion. It also found:

> The Court, having presided over the trial and the reception of evidence, is completely satisfied that the cash seized in the amount of $1,536 was acquired from the proceeds of illegal activities. Although the State was not able to prove to the unanimous satisfaction of the jury that Bergstrom was guilty of other crimes charged in connection with the large quantity of drugs received into evidence, the Court finds there is overwhelming evidence that the cash in the amount of $1,536 is the result of illegal activities, and thus the State's motion for its forfeiture is GRANTED.

[¶ 8] On appeal, Bergstrom argues the district court erred in granting forfeiture because the $1,536 was earned legally; the district court's findings are contrary to this Court's decision in *One Black 1989 Cadillac,* 522 N.W.2d at 457; and, his due process rights were violated by the 201–day delay. The State argues that the district court properly found the property is forfeitable and that Bergstrom's due process rights were not violated, because the 201–day delay was justified. In its brief the State says Bergstrom's motion for return of property was made on September 13, 2004, not on August 20, 2003, as reflected by the register of actions.

[¶ 9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 19–03.1–36.3 and 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has juris-diction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

[¶ 10] Bergstrom argues forfeiture of the $1,536 is inappropriate because the money was not the proceeds of a criminal drug offense but was earned legally, and, therefore, it is not within the statutory definition of "forfeitable property." A trial court's decision on whether an item of property is forfeitable is a finding of fact that will not be overturned unless it is clearly erroneous. *See State v. One 1990 Chevrolet Pickup,* 523 N.W.2d 389, 395 (N.D.1994) (whether probable cause exists for the property seizure and whether the preponderance of the evidence supported forfeiture were factual findings for the district court to make); N.D.R.Civ.P. 52 ("[f]indings of fact ... shall not be set aside unless clearly erroneous"). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Buchholz v. Buchholz,* 1999 ND 36, ¶ 11, 590 N.W.2d 215 (citation omitted).

[¶ 11] Chapter 29–31.1, N.D.C.C., allows for the forfeiture and disposition of certain seized property related to a criminal offense. A forfeiture action is a civil proceeding and is governed by N.D.C.C. §§ 19–03.1–36.1 through 19–03.1–36.7. N.D.C.C. § 29–31.1–04. "Forfeitable property" includes "[p]roperty that is acquired as or from the proceeds of a criminal offense." N.D.C.C. § 29–31.1–01(1)(c).

[¶ 12] Forfeiture is a two-stage process. *See* N.D.C.C. § 19–03.1–36.6; *One 1990 Chevrolet Pickup,* 523 N.W.2d at 395. The State must first show probable cause exists for the forfeiture action. N.D.C.C. § 19–03.1–36.6; *One 1990 Chev-*

*rolet Pickup*, at 394. Probable cause for forfeiture exists when "reasonable grounds exist to believe that the property was 'probably connected with criminal activity.' " *One 1990 Chevrolet Pickup*, at 394 (quoting *State v. Rydberg*, 519 N.W.2d 306, 308 (N.D.1994)). The burden then shifts to the claimant to prove the property is not subject to forfeiture. N.D.C.C. § 19–03.1–36.6; *One 1990 Chevrolet Pickup*, at 394. The claimant's burden of proof is a preponderance of the evidence. N.D.C.C. § 19–03.1–36.2. Thus, property may be forfeited if it is more probable than not that the property was used in a criminal offense. *See One 1990 Chevrolet Pickup*, 523 N.W.2d at 395 (the claimant had to prove that his vehicle was not used in a felony, removing it from the vehicle forfeiture provision of § 29–31.1–01(1)(e)).

[¶ 13] Because forfeiture under chapter 29–31.1 is a separate civil proceeding, apart from any underlying criminal proceeding, the burden of each party does not change when the defendant is acquitted of the criminal charge. Forfeiture is "not dependent upon a prosecution for, or conviction of, a criminal offense...." N.D.C.C. § 29–31.1–04(1); *see also One 1990 Chevrolet Pickup*, 523 N.W.2d at 393 ("neither a criminal charge nor a criminal conviction of a felony is a prerequisite to civil forfeiture of the vehicle used in that felony"); *United States v. One Parcel Property Located at 427 and 429 Hall Street*, 74 F.3d 1165, 1169 (11th Cir.1996) ("the acquittal, or even non-prosecution, of the owner on criminal charges is irrelevant as to the forfeitability of the property"). North Dakota's forfeiture statutes are similar to the forfeiture procedures once used in federal court.[1] *One 1990 Chevrolet Pickup*, 523 N.W.2d at 394 n. 3. The federal and North Dakota statutes both required the government first prove probable cause for the forfeiture action and the burden then shifted to the claimant to prove the property is not subject to forfeiture. *Id.; see United States v. U.S. Currency in the Amount of $228,536.00*, 895 F.2d 908, 916 (2d Cir.1990) (citing Drug Abuse Prevention and Control Act, 21 U.S.C. § 881 (1988)). Because of the lesser burden of proof in a civil forfeiture action, the government's probable cause burden was not modified:

> "[T]he burden of proof in a criminal trial differs from that involved in a forfeiture action. The government need not prove beyond a reasonable doubt that a substantial connection exists between the forfeited property and the illegal activity;" rather, probable cause is sufficient. Thus, the subsequent acquittal of the claimant on the underlying criminal charges does not mean that the government failed, ipso facto, to meet the more lenient probable cause requirement.

*United States v.1988 Oldsmobile Cutlass Supreme 2 Door*, 983 F.2d 670, 675 (5th Cir.1993) (footnote and citations omitted) (superseded by CAFRA as discussed in *United States v. Melrose East Subdivision*, 357 F.3d 493, 501–02 (5th Cir.2004)). Therefore, the jury's verdict, finding Bergstrom not guilty of the felony drug posses-

---

1. In 2000, Congress passed the Civil Asset Forfeiture Reform Act ("CAFRA") "[t]o provide a more just and uniform procedure for Federal civil forfeitures, and for other purposes." Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 106–185 (2000). CAFRA changed the burden of proof for federal forfeiture actions. Now, the government has the burden to prove by a preponderance of evidence that the property is subject to forfeiture. 18 U.S.C. 983(c)(1) (2000). The former probable cause, preponderance-of-the-evidence, burden shifting approach has been superseded. *See United States v. Melrose East Subdivision*, 357 F.3d 493, 501–02 (5th Cir. 2004) (discussing the effect of CAFRA on federal civil forfeiture actions).

sion charges and guilty of the misdemeanor drug paraphernalia charge, is irrelevant to the district court's decision on whether the State had probable cause to bring a forfeiture action.

[¶ 14] The district court may not rely, however, on its prior probable cause determination made when the search warrant was issued. The facts showing probable cause at the pretrial investigative stage of a case may or may not be facts showing probable cause to bring the civil forfeiture. The forfeiture's probable cause determination must take into account all relevant facts before the court at the time the court considers the forfeiture. For example, a law enforcement officer may have probable cause to arrest a driver the officer believes to be impaired because the driver may show signs of impairment such as dilated eyes, unsteady posture, and slurred speech. After further investigation, however, the State may discover the driver suffers from physical impediments, accounting for the impaired symptoms. The State could no longer claim that it still has probable cause to believe the driver was impaired on the basis of the facts known at the time of arrest. Under that scenario, the facts revealed defeat the probable cause and additional facts would be needed to show the driver was impaired. The State must show that, under the facts as presently before the court, there was probable cause for the forfeiture action. By following the procedure in the Rules of Evidence, judicial notice of facts may be taken, if appropriate. *See* N.D.R.Ev. 201.

[¶ 15] The district court was required to make specific findings of fact regarding the forfeiture of the $1,536. *See* N.D.R.Civ.P. 52(a). Rule 52(a) states, in part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and

state separately its conclusions of law thereon and direct the entry of the appropriate judgment; . . . It will be sufficient if the findings of fact and conclusions of law . . . appear in an opinion or memorandum of decision filed by the court.

Findings of fact are adequate if they provide this Court with an understanding of the district court's factual basis used in reaching its determination. *VND, LLC v. Leevers Foods, Inc.,* 2003 ND 198, ¶ 27, 672 N.W.2d 445. Lack of specificity alone does not make findings of fact erroneous. *Id.*

[¶ 16] In its amended order, the district court made the following finding and conclusion regarding probable cause:

The Court, having presided over the trial and the reception of evidence, is completely satisfied that the cash seized in the amount of $1,536 was acquired from the proceeds of illegal activities. Although the State was not able to prove to the unanimous satisfaction of the jury that Bergstrom was guilty of other crimes charged in connection with the large quantity of drugs received into evidence, the Court finds there is overwhelming evidence that the cash in the amount of $1,536 is the result of illegal activities, and thus the State's motion for its forfeiture is GRANTED.

These findings were made after a forfeiture hearing in which Bergstrom appeared from federal prison by telephone. The State's only offer of proof was the State's Attorney's argument that the civil forfeiture was not dependent on a conviction for the drug delivery charges and the $1,536 was proceeds of drug activity. The State requested the district court take judicial notice of the criminal trial and all evidence received at it. Bergstrom argued the State's forfeiture motion did not comply with summons and complaint notice re-

quirements, denying him due process. He also argued the State's delay denied him due process. His final argument was the evidence used against him at the criminal trial could not be used again because he was acquitted of the felony charges and convicted of the misdemeanor charges, and a misdemeanor could not support forfeiture. The State argued that whether a defendant was convicted or acquitted and the level of the charge is irrelevant for a forfeiture under N.D.C.C. ch. 29–31.1. Neither party called a witness nor presented evidence. At the hearing, the district court neither granted nor denied the request to take judicial notice of the trial evidence.

[¶ 17] After reviewing the district court's amended order and the hearing transcript, we conclude the district court's findings of fact are inadequate to provide an understanding of the district court's factual basis used to reach its decision to forfeit the $1,536. The findings do not disclose what facts from the criminal trial the district court relied on to conclude that the State had probable cause to bring the forfeiture action. Without this, we cannot properly review, on appeal, the district court's finding that the State had probable cause to bring the forfeiture action. The district court's decision is reversed for lack of adequate findings of fact and remanded for a new hearing.

[¶ 18] At the new hearing, the district court may take judicial notice of the evidence received in the criminal trial. Rule 201, N.D.R.Ev., provides, in part:

(a) *Scope of Rule.* This rule governs only judicial notice of adjudicative facts.

(b) *Kinds of Facts.* A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

A district court may take judicial notice of trial evidence the judge heard while presiding over that trial. *Santibanez v. Wier McMahon & Co.,* 105 F.3d 234, 240 (5th Cir.1997) (citing *MacMillan Bloedel Ltd. v. Flintkote Co.,* 760 F.2d 580, 587 (5th Cir.1985)). The court may only take judicial notice of the evidence as presented, and not for the truth of the matters asserted by the evidence. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir.1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' ") (quoting *Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir.1991)). Because the district judge presided over Bergstrom's criminal trial, the judge, on remand, may take judicial notice of the evidence presented in the criminal trial. The court must specifically state if it has taken judicial notice of the trial evidence. Bergstrom must be provided with an opportunity to present evidence that the $1,536 was legally obtained. The court must weigh all the evidence, including the evidence for which it takes judicial notice and the evidence Bergstrom presents. After reviewing all the evidence, the district court must then specifically find facts as to whether there is probable cause for the forfeiture action and whether, by a preponderance of the evidence, the $1,536 was proceeds of a criminal offense.

### III

[¶ 19] Bergstrom argues that the 201–day delay between this Court's opinion affirming his conviction and the State's motion to forfeit property violated due process and that the State did not meet its

duty to bring a forfeiture action promptly as required by N.D.C.C. § 19–03.1–36(3) and discussed in *One Black 1989 Cadillac,* 522 N.W.2d 457, 461 (N.D.1994). The district court's decision of whether the State's delay in bringing a forfeiture action violated a claimant's due process rights is a question of fact that will not be reversed unless clearly erroneous. *See One Black 1989 Cadillac,* 522 N.W.2d at 464 ("[T]he question of whether the State has fulfilled its duty to act promptly is a question of fact."); N.D.R.Civ.P. 52 ("Findings of fact … shall not be set aside unless clearly erroneous").

[¶ 20] The State moved for forfeiture under N.D.C.C. ch. 29–31.1, not § 19–03.1–36. In *State v. Koble,* we held the promptness requirement of § 19–03.1–36(3) does not apply to a chapter 29–31.1 forfeiture. 2000 ND 29, ¶ 9, 606 N.W.2d 521. Therefore, Bergstrom's reliance on N.D.C.C. § 19–03.1–36(3) and our discussion of it in *One Black 1989 Cadillac* is misplaced. A forfeiture under chapter 29–31.1 does have due process protections against undue delay, however. *See Koble,* at ¶ 12.

[¶ 21] In *One Black 1989 Cadillac,* this Court held the United States Supreme Court's speedy trial test adopted in *Barker v. Wingo* is the appropriate standard to decide whether a state forfeiture has violated the claimant's due process rights. *One Black 1989 Cadillac,* 522 N.W.2d at 464 (discussing *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). *One Black 1989 Cadillac* followed the United States Supreme Court's decision in *United States v. $8,850,* holding the *Barker* test applied in deciding whether a claimant's due process rights had been violated by a delay in the forfeiture. 461 U.S. 555, 564, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). The *Barker* test involves balancing four factors: "length of delay, the reason for the delay, the defen-

dant's assertion of his right, and prejudice to the defendant." *Id.* (citing *Barker,* 407 U.S. at 530, 92 S.Ct. 2182). Under the *Barker* test, no single factor is determinative, and all relevant facts must be considered. *One Black 1989 Cadillac,* 522 N.W.2d at 464.

[¶ 22] The first factor to consider is the length of the delay, which the Supreme Court has called the "overarching factor." *$8,850,* 461 U.S. at 565, 103 S.Ct. 2005. There is no bright line as to when delay becomes unreasonable and violates a claimant's due process rights. *Id.* Section 29–31.1–08, N.D.C.C., requires the State retain forfeitable property that is evidence in a criminal proceeding until it is no longer needed in that proceeding. A criminal proceeding does not toll consideration of due process, but it may justify a delay. *Koble,* 2000 ND 29, ¶ 12, 606 N.W.2d 521 (citing *In re Search Warrants,* 117 F.R.D. 591, 594 (W.D.Mich.1987); *United States v. $19,440.00 in U.S. Currency,* 829 F.Supp. 303, 305 (D.Alaska 1993)).

[¶ 23] The second and closely-related factor is the State's reason for the delay. *$8,850,* 461 U.S. at 565, 103 S.Ct. 2005. "The Government must be allowed some time to decide whether to institute forfeiture proceedings." *Id.* An underlying criminal case can justify a forfeiture delay, because the property may be evidence in the criminal case or the civil forfeiture action could hamper the government's prosecution. *Id.* at 567, 103 S.Ct. 2005; *Koble,* 2000 ND 29, ¶ 12, 606 N.W.2d 521.

[¶ 24] The third factor is "the claimant's assertion of the right to a judicial hearing." *$8,850,* 461 U.S. at 568–69, 103 S.Ct. 2005. A claimant has some ability to speed up the forfeiture process, such as, for example, requesting a court order

compelling a forfeiture or filing a motion for return of property. *Id.* at 569, 103 S.Ct. 2005. The failure of a claimant to assert his right is an indication that the claimant did not want an early judicial hearing. *Id.*

[¶ 25] The final factor to weigh is whether the claimant has been prejudiced by the delay. *$8,850*, 461 U.S. at 569, 103 S.Ct. 2005. "The primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence." *Id.* The claimant may also show prejudice by showing the State's seizure deprived him of his ownership right to the property. *One Black 1989 Cadillac*, 522 N.W.2d at 465.

[¶ 26] After reviewing the record, we conclude the district court clearly erred in its due process analysis. First, the delay argued by both parties is 201 days, the time between our opinion affirming Bergstrom's conviction and the State's motion of forfeiture. The State needed to retain Bergstrom's property as evidence until the relevant criminal matters were completed. This Court affirmed Bergstrom's conviction for possession of drug paraphernalia on February 27, 2004. *State v. Bergstrom*, 2004 ND 48, 676 N.W.2d 83. The $1,536, however, would not be evidence in a retrial for possession of drug paraphernalia. The $1,536 could have been evidence of possession of a controlled substance with intent to deliver, the charges of which Bergstrom was acquitted. Therefore, the delay clock began when he was acquitted on June 5, 2003. The district court analyzed a much shorter delay.

[¶ 27] Second, in its amended order forfeiting the $1,536, the district court stated, "On September 8, 2004, Bergstrom filed his Motion for Return of Property."

The State, however, in its brief and appendix, claims Bergstrom moved for return of his property on September 13, 2004. The date-stamp placed on Bergstrom's motion, which was then entered into the record, shows the motion was received and filed on August 20, 2003, over a year before either the court or the State contend the motion was filed. According to the register of actions, nothing was filed between April 23, 2004, when the State filed a letter updating the court on the status of Bergstrom's seized property, and September 13, 2004, when the district court released the trial evidence to the State. The record is unclear as to whether Bergstrom served a copy of his motion for return of property on the State. The district court, however, still used the wrong date in its due-process analysis. The correct date of Bergstrom's motion is important to weighing the third factor of Bergstrom's conduct in pursuing prompt action. The court's finding that Bergstrom moved for return of his property on September 8, 2004, is clearly erroneous.

[¶ 28] Finally, and perhaps most puzzling, is the State's April 20, 2004, letter to the district court informing the court of the status of the seized property and the handwritten order the court wrote on Bergstrom's motion for return of property. The State's letter informed the court Bergstrom's vehicles and some other personal property had been released to Bergstrom's mother. It also stated Bergstrom's mother still had to pick up some other personal items. The court's handwritten order read, "GRANTED. Asst SA Feland said all that remains to be returned is a VCR which the police are attempting to return to Bergstrom's parents. Robert Wefald 4/22/04." This notation is incorrect, because the $1,536 had not been returned to Bergstrom despite his request for its return. Therefore, we are left with a definite and firm conviction that a mis-

take has been made and hold the district court's amended order is clearly erroneous.

## IV

[¶ 29] We reverse and remand for a new hearing consistent with this opinion.

[¶ 30] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.