2012 ND 176

**STATE of North Dakota, Plaintiff and Appellee**

v.

**$44,140.00 UNITED STATES CURRENCY, Bryen Edwin Birkholz, Defendants**

**Bryen Edwin Birkholz, Appellant.**

No. 20110327.

Supreme Court of North Dakota.

Aug. 22, 2012.

Jackson J. Lofgren, Assistant State's Attorney, Mandan, N.D., for plaintiff and appellee.

Justin J. Vinje, Bismarck, N.D., for appellant.

KAPSNER, Justice.

[¶ 1] Bryen Birkholz appeals from a judgment ordering him to forfeit $44,140 in currency seized during a search of his residence and from an order denying his motion for a new trial. Birkholz argues the district court erred in applying the presumptions in N.D.C.C. § 19–03.1–23.3 to currency he claims was seized under the authority of N.D.C.C. § 29–31.1–03. He also claims there was insufficient evidence of a transaction to justify a forfeiture of the currency under N.D.C.C. § 19–03.1–23.3(1)(d) and the court erred in denying his motion for a new trial on the ground of newly discovered evidence. We conclude Birkholz did not raise an issue in the district court about the applicability of the presumptions in N.D.C.C. § 19–03.1–23.3 to this proceeding and may not raise that issue for the first time on appeal. We also conclude the court's findings supporting forfeiture are not clearly erroneous and the court did not abuse its discretion in denying Birkholz's motion for a new trial. We affirm.

## I

[¶ 2] In August 2010, law enforcement officers executed a search warrant for Birkholz's residence and found eleven growing marijuana plants, a hydration system for the plants, three ziploc bags containing various amounts of marijuana, several empty ziploc bags, drug paraphernalia, and $44,140 in currency in a safe in a desk near the marijuana. In May 2011, Birkholz pled guilty to manufacture of a controlled substance, possession of a controlled substance, and possession of drug paraphernalia.

[¶ 3] Meanwhile, in November 2010, the State brought this civil action against Birkholz for forfeiture of the $44,140 in currency found at his residence. Birkholz answered, claiming he lawfully possessed the currency. After a bench trial, the district court ordered forfeiture of the currency, stating the action was governed by presumptions in N.D.C.C. § 19–03.1–23.3. The court decided the presumption in N.D.C.C. § 19–03.1–23.3(1)(a) was not applicable to the facts in this case, because the currency was not being transported through an airport, on a highway, or at a port-of-entry. However, the court said N.D.C.C. § 19–03.1–23.3(1)(b) and (d) also provided presumptions for forfeiture and found those provisions authorized forfeiture of the currency:

> In the present case, law enforcement officers observed marijuana plants growing in front of Mr. Birkholz's residence. A search warrant for his home was obtained. On August 9, 2010, a search was conducted and officers located $44,140 in cash in a desk. Within a few feet, officers located about one-half pound of marijuana. The marijuana was of a better quality than the marijuana which was growing outside the residence. Mr. Birkholz testified he had purchased the marijuana and there were different grades of marijuana.

> On May 17, 2011, Mr. Birkholz pleaded guilty to Manufacture of a Controlled Substance in violation of N.D.C.C. § 19–03.1–23, Possession of a Controlled Substance (Marijuana) in violation of N.D.C.C. § 19–03.1–23, and Possession of Drug Paraphernalia (Marijuana) in violation of N.D.C.C. § 19–03.4–03. Mr. Birkholz had been charged with committing those offenses as a result of the search on August 9, 2010.

> Mr. Birkholz was in possession of a significant amount of marijuana. He presented evidence in an attempt to establish that the currency was a result of his savings over the years, but the evidence demonstrated there was no legitimate source of the funds.

> Mr. Birkholz testified that he went through bankruptcy proceedings in about 2000. He has had rather modest income in the years since then, averaging about $30,000 per year. He claims to have supported himself and his girlfriend and her child for the past several years. He has provided enough support for his girlfriend and her son to allow him to claim them as dependents for income tax purpose.

> In addition, Mr. Birkholz has accumulated an inventory of firearms used for historical re-enactments. He has acquired several vehicles. And, he has about $40,000 in bank accounts in addition to the cash which was located at his home.

> While there is no evidence the currency was obtained as part of the marijuana grow operation, there is evidence to conclude that Mr. Birkholz has been involved in delivery offenses and controlled substance transactions over the years in obtaining the marijuana which was located at his home. The only logi-

cal explanation for accumulation of the currency is that it was obtained as part of a long-term involvement in transfer of controlled substances. That, coupled with the presumption in Section 19–03.1–23.3(1)(d), is sufficient for a finding that the funds must be forfeited.

[¶ 4] Birkholz moved for a new trial on the ground of newly discovered evidence, claiming he had forgotten he received more than $32,000 when he refinanced his home in 2004 and the currency found in his home was from that refinancing. Birkholz also claimed the evidence was insufficient to justify forfeiture and the presumption in N.D.C.C. § 19–03.1–23.3(1)(d) was not applicable because the State offered no evidence of a transaction. Birkholz further claimed N.D.C.C. § 19–03.1–23.3(1)(d) is unduly vague and ambiguous. The district court denied his motion for a new trial.

II

■ [¶ 5] Birkholz argues the district court erred in applying the statutory presumptions for forfeiture in N.D.C.C. § 19–03.1–23.3 to this action because the State's complaint alleged his money had been seized under N.D.C.C. § 29–31.1–03. He asserts N.D.C.C. ch. 29–31.1 does not incorporate the forfeiture presumptions of N.D.C.C. § 19–03.1–23.3 under N.D.C.C. § 29–31.1–04(2) and this Court's decision in *State v. Koble*, 2000 ND 29, 606 N.W.2d 521. The State responds that Birkholz did not raise this issue in the district court and cannot raise it for the first time on appeal. The State also argues the district court properly applied the forfeiture presumptions to this case because the complaint alleged the money was forfeitable "under N.D.C.C. § 29–31.1–01 and/or N.D.C.C. § 19–03.1–36" and sought "disposition in accordance with N.D.C.C. § 29–31.1–06 and/or N.D.C.C. § 19–03.1–36."

[¶ 6] On appeal, Birkholz argues the district court erred in applying N.D.C.C. § 19–03.1–23.3 to this proceeding, because N.D.C.C. § 29–31.1–04(2) does not incorporate those presumptions into proceedings brought under N.D.C.C. ch. 29–31.1. *See also* N.D.C.C. § 29–31.1–10 (stating provisions of N.D.C.C. ch. 29–31.1 do not apply to forfeiture proceedings brought under N.D.C.C. ch. 19–03.1). At trial, however, Birkholz raised an issue about the interpretation of the prerequisites for application of the presumption in N.D.C.C. § 19–03.1–23.3(1)(a), arguing those prerequisites had not been met in this proceeding because the language of that presumption applied to currency being transported through an airport, a highway, or a port-of-entry. Birkholz did not raise an issue about the incorporation of the statutory presumptions in N.D.C.C. § 19–03.1–23.3 into N.D.C.C. ch. 29–31.1 in the district court proceeding that he claims was brought under N.D.C.C. ch. 29–31.1, or in his motion for a new trial. *See State v. Osier*, 1999 ND 28, ¶ 32, 590 N.W.2d 205 ("When a party moves for a new trial, any subsequent appeal is limited to review of grounds presented in the motion to the trial court.").

■ [¶ 7] "Issues not adequately raised below will not be addressed on appeal." *Koble*, 2000 ND 29, ¶ 5, 606 N.W.2d 521. In *Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746 (quoting *Spratt v. MDU Resources Group, Inc.*, 2011 ND 94, ¶ 14, 797 N.W.2d 328) (citations omitted), we described the rationale for the well-settled rule that issues not raised in the district court may not be raised for the first time on appeal:

" 'The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories.' " "The requirement

that a party 'first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision.'" "'It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider.'" Accordingly, "issues or contentions not raised . . . in the district court cannot be raised for the first time on appeal."

[¶ 8] Because Birkholz failed to raise an issue in the district court about applying the statutory presumptions for forfeiture in N.D.C.C. § 19–03.1–23.3 to an action he claims was brought under N.D.C.C. ch. 29–31.1, we will not consider that issue on appeal.

### III

[¶ 9] Birkholz argues the evidence is insufficient to justify forfeiture because the State offered no evidence to show he engaged in a transaction to give rise to the forfeiture of the currency.

[¶ 10] Section 19–03.1–23.3, N.D.C.C., provides presumptions for forfeiture of currency furnished in exchange for controlled substances:

1. There is a presumption of forfeiture for money, coin, currency, and everything of value, furnished or intended to be furnished, in exchange for a controlled substance in violation of chapter 19–03.1 or imitation controlled substance in violation of chapter 19–03.2, if the state offers a reasonable basis to believe, based on the following circumstances, that there is a substantial connection between the property and an offense listed in chapter 19–03.1 or 19–03.2:

a. The property at issue is currency in excess of ten thousand dollars which, at the time of seizure, was being transported through an airport, on a highway, or at a port-of-entry, and the property was packaged or concealed in a highly unusual manner, the person transporting the property provided false information to any law enforcement officer who lawfully stopped the person for investigative purposes, the property was found in close proximity to a measurable quantity of any controlled substance, or the property was the subject of a positive alert by a properly trained dog;

b. The property at issue was acquired during a period of time when the person who acquired the property was engaged in an offense under chapter 19–03.1 or 19–03.2 or within a reasonable time after the period, and there is no likely source for the property other than that offense;

c. The property at issue was, or was intended to be, transported, transmitted, or transferred to or from a major drug-transit country, a major illicit drug-producing country, or a major money-laundering country, and the transaction giving rise to the forfeiture:

(1) Occurred in part in a state or foreign country whose bank secrecy laws render this state unable to obtain records relating to the transaction; or

(2) Was conducted by, to, or through a corporation that does not conduct any ongoing and significant commercial or manufacturing business or any other form of commercial operation which was not en-

gaged in any legitimate business activity; or

d. A person involved in the transaction giving rise to the forfeiture action has been convicted in a federal, state, or foreign jurisdiction of an offense equivalent to an offense under chapter 19–03.1 or 19–03.2 or a felony involving money laundering, or is a fugitive from prosecution for any of these offenses.

2. The presumption in this section does not preclude the use of other presumptions or the establishment of probable cause based on criteria other than those set forth in this section.

[¶ 11] In *State v. Bergstrom*, 2006 ND 45, ¶ 12, 710 N.W.2d 407, this Court discussed the procedure for a civil forfeiture action:

Forfeiture is a two-stage process. *See* N.D.C.C. § 19–03.1–36; [*State v.*] *One 1990 Chevrolet Pickup*, 523 N.W.2d [389,] at 395 [ (N.D.1994) ]. The State must first show probable cause exists for the forfeiture action. N.D.C.C. § 19–03.1–36.6; *One 1990 Chevrolet Pickup*, at 394. Probable cause for forfeiture exists when "reasonable grounds exist to believe that the property was 'probably connected with criminal activity.' " *One 1990 Chevrolet Pickup*, at 394 (quoting *State v. Rydberg*, 519 N.W.2d 306, 308 (N.D.1994)). The burden then shifts to the claimant to prove the property is not subject to forfeiture. N.D.C.C. § 19–03.1–36.6; *One 1990 Chevrolet Pickup*, at 394. The claimant's burden of proof is a preponderance of the evidence. N.D.C.C. § 19–03.1–36.2. Thus, property may be forfeited if it is more probable than not that the property was used in a criminal offense. *See One 1990 Chevrolet Pickup*, 523 N.W.2d at 395 (the claimant had to prove that his vehicle was not used in a felony, removing it

from the vehicle forfeiture provision of § 29–31.1–01(1)(e)).

[¶ 12] In *Bergstrom*, 2006 ND 45, ¶ 15, 710 N.W.2d 407, this Court applied the clearly erroneous standard of review to a civil forfeiture proceeding. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction the district court made a mistake. *Hogan v. Hogan*, 2003 ND 105, ¶ 6, 665 N.W.2d 672. A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply because we may have viewed the evidence differently does not entitle us to reverse the district court. *Id.* On appeal, we do not reweigh conflicts in the evidence. *Center Mut. Ins. Co. v. Thompson*, 2000 ND 192, ¶ 20, 618 N.W.2d 505. We give due regard to the district court's opportunity to judge the credibility of the witnesses. N.D.R.Civ.P. 52(a)(6). A district court's findings should be stated with sufficient specificity to enable a reviewing court to understand the factual basis for the court's decision. *In re Griffey*, 2002 ND 160, ¶ 8, 652 N.W.2d 351.

[¶ 13] The district court's findings rejected application of N.D.C.C. § 19–03.1–23.3(1)(a) to this case. However, the court found the prerequisites of N.D.C.C. § 19–03.1–23.3(1)(b) and (d) had been satisfied and ordered forfeiture of the currency under those provisions. The court's findings track the prerequisites of N.D.C.C. § 19–03.1–23.3(1)(b), which requires "a reasonable basis to believe … there is a substantial connection between" the currency and enumerated drug offenses and "[t]he property at issue was acquired during a period of time when the person who acquired the property was engaged in an offense under chapter 19–03.1

or 19–03.2 or within a reasonable time after the period, and there is no likely source for the property other than that offense." There is evidence in this record supporting the court's findings. We are not left with a definite and firm conviction the court made a mistake in its findings, and we conclude the court's findings under N.D.C.C. § 19–03.1–23.3(1)(b) are not clearly erroneous.

[¶ 14] Moreover, N.D.C.C. § 19–03.1–23.3(1)(d) requires a transaction, and although Birkholz argues there is no evidence of a transaction, we conclude there is sufficient evidence to support an inference of a transaction. We are not left with a definite and firm conviction the district court made a mistake in finding the prerequisites for application of the forfeiture presumption under N.D.C.C. § 19–03.1–23.3(1)(d). We therefore conclude the court did not clearly err in ordering forfeiture of the currency.

## IV

■ [¶ 15] Birkholz argues the district court erred in denying his motion for a new trial on the ground of newly discovered evidence, which he claims is evidence about the proceeds of refinancing his house in 2004.

■ [¶ 16] A motion for a new trial on the basis of newly discovered evidence is addressed to the discretion of the district court and will not be overturned on appeal absent an abuse of discretion. *Farmers Elevator Co. of Horace v. Nagel*, 307 N.W.2d 580, 584 (N.D.1981). A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. *Johnson v. Nodak Mut. Ins. Co.*, 2005 ND 112, ¶ 18, 699 N.W.2d 45. In *Keyes v. Amundson*, 391 N.W.2d 602, 605 (N.D.1986) (citations omitted), this Court outlined the requirements for a new trial on the basis of newly discovered evidence:

(1) the evidence must have been discovered following trial; (2) the movant must have exercised due diligence in discovering the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material and admissible; and (5) the evidence must be such that a new trial would probably produce a different result.

[¶ 17] This record reflects Birkholz testified at trial that he had previously talked with his attorney about refinancing his home. The record thus reflects Birkholz knew about the refinancing before trial. The district court denied Birkholz's motion for a new trial, concluding there was no newly discovered evidence. We conclude the court's denial of Birkholz's motion for a new trial was not arbitrary, capricious, or unreasonable, and the court did not abuse its discretion in denying the motion.

## V

[¶ 18] We affirm the judgment and the order denying the motion for a new trial.

[¶ 19] GERALD W. VANDE WALLE, C.J., DAVID W. NELSON, D.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 20] The Honorable DAVID W. NELSON, D.J., sitting in place of SANDSTROM, J., disqualified.